UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK DENICO, THOMAS GRISWOLD
JR., TIMOTHY NEWBERRY, and
DENNIS WALSTED,

                Plaintiffs,

v.                         Case No. 8:12-cv-2933-T-33EAJ

FLORIDA STATE FAIR AUTHORITY,
BILL BULLOCK, individually and
officially, CHARLES PESANO,
individually and officially,
MAJOR AL GRECO, individually and
officially, and SHERIFF DAVID
GEE, individually and
officially,

                Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Defendants'
Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc.
# 45), filed on June 19, 2013.  Plaintiffs filed a Response in
Opposition to the Motion on July 9, 2013. (Doc. # 49).  The
Court grants the Motion and dismisses the Complaint without
prejudice and with leave to amend by September 30, 2013.

## I.   Background

On February 7, 2010, Plaintiffs were directed to leave
the Florida State Fair because they were wearing motorcycle
attire adorned with patches, commonly referred to as "colors."
(Doc. # 37 at ¶ 3).  As alleged in the Second Amended
Complaint, Plaintiffs Denico and Griswold are members of the

United States Military Vets Motorcycle Club and, on the day in question, were wearing patches depicting an American flag, an American eagle, and the word "Liberty." (<u>Id.</u> at ¶¶ 17-18). Similarly, Newberry and Walsted are members of the Spirit Riders Motorcycle Ministry. (<u>Id.</u> at ¶¶ 19-20). Newberry and Walsted's attire included patches depicting a Christian crucifix, a crown, beams of light, wings, and two white doves. (<u>Id.</u>). Plaintiffs allege that "members of the Spirit Riders Motorcycle Ministry, including Dennis Walsted, were going to lead all the motorcyclists in prayer once inside the Fair." (<u>Id.</u> at ¶ 20).

Each named Plaintiff paid for admission to the Florida State Fair on the date in question, however, "Plaintiffs were told specifically by Defendant Major Al Greco and other unknown members of the Hillsborough County Sheriff's Office that they would not be permitted to enter the Fair if they refused to remove their vests with the 'patches' on the back of them reflecting membership in the motorcycle club and religious ministry." (<u>Id.</u> at ¶ 24).

Plaintiffs also allege that Defendant Greco "informed the Plaintiffs that the prohibition against allowing motorcyclists with vests with 'patches' was the policy of the Florida State Fair Authority and that he was exercising his power as law

2

enforcement to enforce that policy." (Id. at ¶ 25). Plaintiffs allege that Defendant Gee "is the elected Sheriff of the Hillsborough County Sheriff's Department" and "is responsible for setting policy for the Department . . . [and] for the training, supervision and discipline of the employees of the Hillsborough County Sheriff's Department." (Id. at ¶ 14).

As for Defendant Pesano, Plaintiffs allege that he "exercised his power as an employee of the Florida State Fair by drafting and maintaining a policy prohibiting motorcyclists from wearing their patch on the back of their vests to enter the Fair." (Id. at ¶ 27). Similarly, Plaintiffs allege that Defendant Bullock "exercised his power as an employee of the Florida State Fair Authority by enforcing the Florida State Fair Authority's policy" against motorcyclist patches. (Id. at ¶ 28).

In the operative Complaint, the Plaintiffs assert the following twelve claims: count 1 against Bullock in his official and individual capacity for violation of Plaintiffs' First Amendment rights to freedom of expression; count 2 against Pesano in his official and individual capacity for violation of Plaintiffs' First Amendment rights to freedom of expression; count 3 against Greco and Gee in their official

3

and individual capacities for violation of Plaintiffs' First Amendment rights to freedom of expression; count 4 against Bullock in his official and individual capacity for violation of Plaintiffs' First Amendment rights to freedom of association; count 5 against Pesano in his official and individual capacity for violation of Plaintiffs' First Amendment rights to freedom of association; count 6 against Greco and Gee in their official and individual capacities for violation of Plaintiffs' First Amendment rights to freedom of association; count 7 against Bullock in his official and individual capacity for violation of Plaintiffs' First Amendment rights to freedom of religion; count 8 against Pesano in his official and individual capacity for violation of Plaintiffs' First Amendment rights to freedom of religion; count 9 against Greco and Gee in their official and individual capacities for violation of Plaintiffs' First Amendment rights to freedom of religion; count 10 against Bullock, Pesano, Greco, and Gee in their official and individual capacities pursuant to 42 U.S.C. § 1983 and § 1988; count 11 against the Florida State Fair Authority, Bullock, Pesano, Greco, and Gee for injunctive relief pursuant to 42 U.S.C. § 1983; count 12 against the Florida State Fair Authority, Bullock, Pesano, Greco, and Gee for declaratory relief pursuant to 28 U.S.C.

4

§ 2201(a) and Federal Rule of Civil Procedure 57.[1]

Defendants seek an Order dismissing Plaintiffs' Second Amended Complaint in its entirety pursuant to Rule 12(b)(6), Fed.R.Civ.P.  Plaintiffs have responded to the Motion.

## II.  <u>Legal Standard</u>

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

---

[1] Counts one, four, and seven incorporate paragraph 11, which states that "Bullock is being sued in his individual capacity and in his official capacity." (Doc. # 37 at ¶ 11). Counts two, five, and eight incorporate paragraph 12, which states that "Pesano is sued in his individual capacity and in his official capacity." (<u>Id.</u> at ¶ 12). Counts three, six, and nine incorporate paragraphs 13 and 14, which state that "Greco is sued in his individual capacity and in his official capacity" and "Gee[] is being sued individually as policy maker and in his official capacity[,]" respectively. (<u>Id.</u> at ¶¶ 13-14). The Court therefore rejects Defendants' argument that the Complaint fails to specify whether Plaintiffs seek relief against Defendants Bullock, Pesano, Greco, and Gee both in their individual capacities and official capacities.

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**III. Analysis**

**A.   Counts One Through Nine**

In counts one through nine, Plaintiffs sue Bullock, Pesano, Greco, and Gee for alleged constitutional violations and seek compensatory damages, among other relief. However, Plaintiffs do not specify that they assert counts one through nine pursuant to § 1983. Rather, Plaintiffs bring a separate § 1983 claim in count ten. This pleading strategy fails because the Constitution does not include a private right of action for civil damages. Instead, "[s]ection 1983, which

6

derives from § 1 of the Civil rights Act of 1871 . . . creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012)(citations omitted). "The only vehicle for enforcing plaintiff's [First Amendment] constitutional claims is § 1983." Anderson v. Bd. of Regents of the Univ. Sys. of Ga., No. 1:04-cv-3135, 2010 U.S. Dist. LEXIS 9239, at *5 (N.D. Ga. Feb. 2, 2010)(citing Porter v. White, 483 F.3d 1294, 1307 (11th Cir. 2007)(noting that § 1983 "creates a species of tort liability in favor of persons who are deprived of rights . . . secured to them by the Constitution.")).

The Court agrees with Defendants' argument that "Plaintiffs' naked reference to § 1983 is insufficient for Defendants or this Court to assume that they intended to bring [counts one through nine] under its rubric . . . Plaintiffs may have identified constitutional rights alleged to have been violated, but have failed to allege causes of action associated with those violations." (Doc. # 45 at 6).  Because counts one through nine are not specifically asserted pursuant to § 1983, they are subject to dismissal without prejudice and with leave to amend.

**B.**   <u>**Count Ten**</u>

It is likewise true that § 1983 is not a source of substantive federal rights. <u>Whiting v. Taylor</u>, 85 F.3d 581, 583 (11th Cir. 1996). Instead, § 1983 provides a vehicle for the vindication of federal rights created elsewhere.   <u>See</u> <u>Chapman v. Hous. Welfare Rights Org.</u>, 441 U.S. 600, 617 (1979)(noting that "one cannot go into court and claim a violation of section 1983–for section 1983 by itself does not protect anyone against anything.").

Defendants assert that count ten is subject to dismissal because Plaintiffs do not identify which federal rights they seek to vindicate.  The Court rejects this argument.  In count ten, Plaintiffs asserts that Defendants Bullock, Pesano, Greco, and Gee violated Plaintiffs' First Amendment rights of freedom of expression, freedom of association, and freedom of religion. (Doc. # 37 at ¶¶ 62-64).

The Court does, however, agree with Defendants that count ten presents an impermissible "shotgun" approach to pleading because, in that count, "multiple claims are brought against multiple parties." <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905-06 (11th Cir. 1996)(A shotgun pleading "disregard[s] the principle that separate, discrete causes of action should be plead in separate counts.").  The Court thus grants the

8

motion to dismiss as to count ten, but grants Plaintiffs the opportunity to assert their § 1983 claims against the relevant Defendants in separate counts.

The Court notes that it has dismissed counts one through ten on the basis of structural and procedural deficiencies. The Court recognizes that Defendants have raised the substantive argument that certain claims asserted here are barred by the application of the Eleventh Amendment. In the instance that Plaintiffs file an Amended Complaint setting forth § 1983 counts against Bullock, Pesano, Greco, and Gee, Defendants may reassert their Eleventh Circuit arguments. However, the Court notes that, if Defendants ask the Court to consider matters external to the four corners of the operative Complaint, Defendants should assert their arguments under a vehicle other than a Rule 12(b)(6) motion to dismiss.

### C.   <u>Counts Eleven and Twelve</u>

In count eleven, Plaintiffs seek an injunction against all Defendants: (1) "to not infringe, in any manner, against the Constitutional Right of members of motorcycle clubs and motorcycle ministries to wear vests with 'patches' on them signifying membership within a particular organization;" (2) restraining Defendants "from ordering, compelling, bullying, requesting, coercing, or threatening a member of a motorcycle

club or motorcycle ministry to remove their vests with 'patches' on them signifying membership within a particular organization;" and (3) restraining Defendants "from stifling the Constitutional Rights of members of a motorcycle ministry from wearing in public and at public events the religious crucifix symbol (cross) on any particular piece of clothing and the prevention of praying in a public forum." (Doc. # 37 at 17).

In count twelve, Plaintiffs seek a "Declaratory Judgment against all Defendants that the Defendants' actions violated Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution." (Doc. # 37 at 19).

Defendants assert that Plaintiffs' requests for injunctive and declaratory relief are subject to dismissal because the Second Amended Complaint is devoid of allegations giving rise to standing necessary to seek such relief.  The Court concurs.

"A prayer for injunctive and declaratory relief requires an assessment of whether the plaintiff has sufficiently shown a real and immediate threat of future harm." Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006).  "The binding precedent in this circuit is clear that for an injury to suffice for prospective relief, it must be imminent." Id.; see also 31

_Foster Children v. Bush_, 329 F.3d 1255, 1266-67 (11th Cir. 2003)(noting that standing for declaratory or injunctive relief requires that future injury proceed with a high degree of immediacy); _City of Los Angeles v. Lyons_, 461 U.S. 95, 103 (1983)("past exposure to illegal conduct does not in itself show a present case or controversy regarding [prospective] relief . . . if unaccompanied by any continuing, present adverse effects.").

Conspicuously absent from the operative Complaint is any allegation that the Plaintiffs intend to return to the Florida Stair Fair wearing their prohibited patches or that the Plaintiffs face specific future harm at the hands of the Defendants. In count twelve, Plaintiffs allege only that "without declaratory relief, law enforcement and the Florida State Fair Authority will continue to selectively exclude certain motorcyclists from the fair, and to intimidate citizens to relinquish their rights of free speech, free associations and freedom of religion." (Doc. # 37 at ¶ 71). These vague allegations fall short of Plaintiffs' burden under _Lyons_ and other binding case law. Without specific and non-speculative allegations that Plaintiffs face future injury, counts eleven and twelve are subject to dismissal. As with

counts one though ten, the Court grants Plaintiffs leave to amend these claims.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. # 45) is **GRANTED** as specified above. Plaintiffs are granted leave to file an Amended Complaint by **September 30, 2013.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>10th</u> day of September, 2013.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

12